IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY S. ROBINSON,

                    Plaintiff,

v.                                                   OPINION and ORDER

JOSEPH L. SOMMERS, DENIESE MARKHAM,
DANE COUNTY DRUG TASK FORCE, MADISON             23-cv-640-jdp
POLICE DEP'T, and DOMINQUE CLAY,

                    Defendants.

---

Pro se plaintiff Anthony S. Robinson, a state prisoner, alleges that defendants illegally stopped him, used excessive force on him, illegally searched his car, and falsely accused him of drug trafficking. Because Robinson is incarcerated, I must screen the complaint under 28 U.S.C. § 1915A. I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Robinson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may also consider matters of public record. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I will order Robinson to show cause why I should not dismiss this case as untimely.

BACKGROUND

A. Allegations of fact

In 2008, Robinson was illegally pulled over and roughly snatched from his car. Robinson was shoved into defendant Markham's vehicle and his car was searched without his permission.

Markham took Robinson to a different location and tried to get him to be a confidential informant. When they reached the precinct, Markham initially identified Robinson incorrectly as "Antonio." Markham falsely accused Robinson of possession with intent to deliver cocaine. Markam paid defendant Dominque Clay to make false statements against Robinson because Markham planted drugs on Robinson.

## B. State criminal charges

After those events, Robinson was charged with manufacturing or delivery of cocaine, possession with intent to deliver cocaine, and other charges in Dane County case number 2008CF1223. Robinson pleaded guilty to the manufacturing-or-delivery charge and the other charges were dismissed on the prosecutor's motion. Robinson's judgment of conviction was entered on January 22, 2009. Robinson was released on parole but it was revoked and he was sentenced to prison in December 2012. Robinson was again released in 2017 but reentered the Department of Corrections' custody in 2023 based on a probation violation.

## ANALYSIS

The statute of limitations is ordinarily an affirmative defense, but a district court may, on its own initiative, dismiss a claim that is clearly time-barred. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Such a dismissal counts as a dismissal for failure to state a claim. *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016).

To determine the proper statute of limitations for § 1983 actions, "a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The relevant statute of limitations here is six years. *Bey v. Hamblin*, No. 17-cv-784-jdp, 2018 WL 3075834, at *2 (W.D. Wis. June 21, 2018).

Although Wisconsin's limitations period applies, federal law governs when Robinson's claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). "[A] personal injury claim raised under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Robinson's preliminary hearing took place on July 7, 2008, and he was arraigned on that date. His claims based on false arrest, illegal stop, and illegal search would have accrued by then. *See Wallace*, 549 U.S. at 397; *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017). Robinson's excessive force claim would have accrued when the officers used the force. *See Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998). This case appears to be untimely by nine years, but I will allow Robinson to show cause why I should not dismiss it despite this obvious problem.

ORDER

IT IS ORDERED that:

1. Plaintiff Anthony S. Robinson may have until November 20, 2023, to show cause why I should not dismiss this case as untimely.

2. If plaintiff does not comply with this order, I may dismiss this case.

3. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

4. The clerk of court is directed to send plaintiff a copy of this order.

Entered October 19, 2023.

                                                BY THE COURT:

                                                /s/

                                                _____

                                                JAMES D. PETERSON
                                                District Judge