IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY S. ROBINSON,

                Plaintiff,

v.                                                    OPINION and ORDER

JOSEPH L. SOMMERS, DENIESE MARKHAM,
DANE COUNTY DRUG TASK FORCE, MADISON       23-cv-640-jdp
POLICE DEP'T, and DOMINQUE CLAY,

                Defendants.

---

    Pro se plaintiff Anthony S. Robinson alleged that defendants illegally stopped him, used excessive force on him, illegally searched his car, and falsely accused him of drug trafficking. I screened the complaint and ordered Robinson to show cause why I should not dismiss this case as untimely. I determined that Robinson's federal claims accrued no later than July 7, 2008, and that the case appeared to be untimely by nine years.

    Robinson contends that I shouldn't dismiss the complaint as untimely because: (1) he was incarcerated for several years after he returned to prison in 2008 and housed with informants and "troublemakers" to "stunt" his "process"; (2) his probation was repeatedly revoked to harass him and he waited until he was incarcerated outside of Madison to avoid this harassment and mistreatment; (3) he had two to four instances in which his mail wasn't delivered while incarcerated; and (4) he had physical and mental health issues when he was released from DOC custody around 2018, including broken bones and mental trauma that required a stay in a mental health treatment facility.

Robinson's allegations suggest defenses to the statute of limitations based on statutory tolling, equitable tolling, and equitable estoppel. Because Robinson hasn't established any of these defenses, I will dismiss the case.

### A. Statutory tolling

Courts may apply state doctrines of tolling to § 1983 claims. *See Myers v. Noble*, No. 22-1642, 2023 WL 1514439, at *2 (7th Cir. Feb. 3, 2023). Wisconsin law provides for tolling up to five years if the plaintiff was "mentally ill" when the injury accrued and continues to be mentally ill. *Lewis v. Stenz*, 637 F. App'x 943, 944 (7th Cir. 2016); Wis. Stat. § 893.16(1). But Robinson's claims accrued in the summer of 2008, and he doesn't allege that he was mentally ill until 2018 or after. If Robinson is contending that his post-2008 incarceration warrants statutory tolling, imprisonment has long been eliminated as a basis for statutory tolling in Wisconsin. *Orosco v. Swyers*, 435 F. App'x 556, 558 (7th Cir. 2011). Robinson hasn't shown a basis for statutory tolling.

### B. Equitable tolling

Wisconsin law also governs the equitable tolling analysis. *DeGrave v. DOC*, No. 21-cv-256-wmc, 2021 WL 5371393, at *2 (W.D. Wis. Nov. 18, 2021); *Coleman v. Messman*, No. 13-cv-566-jdp, 2014 WL 4678264, at *2 (W.D. Wis. Sept. 18, 2014). Wisconsin precedent on equitable tolling is sparse, but it's clear that equitable tolling is available only when the failure to meet a filing deadline is out of the party's control or occurred despite the party's due diligence. *DeGrave*, 2021 WL 5371393, at *2; *Coleman*, 2014 WL 4678264, at *3.

None of the reasons Robinson provides suggests that meeting the 6-year statute of limitations was out of his control. Robinson was incarcerated for several years between 2008 and now, but incarceration or pro se status alone doesn't warrant equitable tolling. *Murray v.*

*Litwin*, No. 15-cv-1441, 2016 WL 4273211, at *2 (E.D. Wis. Aug. 12, 2016); *Coleman*, 2014 WL 4678264, at *3. Assuming Robinson's allegations of harassment and mistreatment could support an equitable tolling claim, Robinson hasn't explained how this conduct (or his alleged physical and mental health issues) stopped him from bringing this lawsuit earlier. Nor has Robinson provided a timeline of any steps he took to pursue his claims despite these alleged obstacles. Robinson's allegations lack enough factual detail to warrant equitable tolling.

## C. Equitable estoppel

Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time." *Franklin v. Warmington*, 709 F. App'x 373, 375 (7th Cir. 2017). To establish equitable estoppel, the plaintiff must show that: (1) the defendants' conduct was so unfair "as to outbalance the public's interest in setting a limitation on bringing actions"; and (2) this unfair conduct stopped him from bringing his lawsuit on time. *See White Knight Com. Funding, LLC v. Trewin*, 2015 WI App 82, ¶ 23; *Viebrock v. Wisconsin Mut. Ins. Co.*, 2010 WI App 135, ¶ 22.

Again, Robinson hasn't explained what defendants or prison officials did to stop him from filing this lawsuit earlier, and his vague allegations of harassment and mistreatment don't support a reasonable inference that this conduct was so unfair as to warrant excusing his failure to bring this lawsuit on time. Robinson hasn't shown that equitable estoppel applies.

## D. Conclusion

I will dismiss the complaint as untimely and direct the clerk of court to record a strike under 28 U.S.C. § 1915(g). *See Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (dismissal of claim that is clearly time-barred counts as dismissal for failure to state a claim).

ORDER

IT IS ORDERED that:

1. Plaintiff Anthony S. Robinson's complaint, Dkt. 1, is DISMISSED as untimely.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g), enter judgment, and send plaintiff copies of this order and the judgment.

Entered November 14, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge